In the Matter of the Application of CHARLES W. OSBORN for the Removal of the CITIZENS TRUST COMPANY OF PATCHOGUE, as Trustee under an Agreement Dated January 24, 1928, and for a Judicial Settlement of the Account of Such Trustee, and for the Appointment of a Successor Trustee under the Terms of Said Agreement. In the Matter of the Application of CITIZENS TRUST COMPANY OF PATCHOGUE for Leave to Account and Resign as Trustee under a Certain Indenture Bearing Date the 24th day of January, 1928, and for the Appointment of a Successor Trustee. HELEN M. OSBORN, Life Beneficiary, Appellant; BERTHA M. OSBORN, Widow of CHARLES W. OSBORN, Respondent; CITIZENS TRUST COMPANY OF PATCHOGUE (NOW PATCHOGUE CITIZENS BANK AND TRUST COMPANY), Trustee, Respondent.— The appeal is from that part of an order which permits the trustee to make an intermediate accounting and have the objections thereto determined. The proceeding originated on a petition to remove the trustee and on a petition of the latter to be permitted to resign. All parties were then seeking an accounting. The two proceedings were consolidated; the matter was referred to an official referee, who reported that the proceeding to remove the trustee should be dismissed and that the court should refuse to accept the resignation of the trustee without prejudice to proceedings of the trustee to make and file an intermediate account if it so elected. At Special Term the report was confirmed except as to the matter of accounting, and in that respect the matter was referred back to the referee to take and state the account of the trustee of its acts and proceedings. One of the life beneficiaries of the trust still survives. The question as to whom the remainder shall pass upon her death is undetermined. Seven years have elapsed since the trust estate was created. With the broad powers granted to the trustee to pay not only the income from the trust estate, but to make payments from the corpus thereof in its judgment as the needs of the life tenants required, and to sell property and borrow money, it is of great importance that the trustee should be permitted to account during the lifetime of one of the beneficiaries. Therefore, as both of the parties were originally seeking an accounting, we are of opinion that the court at Special Term properly exercised its discretion in directing said accounting to be had. Order affirmed, without costs to either party on this appeal. The question of costs and allowances may properly be determined at the termination of the accounting proceeding. The parties should proceed expeditiously, without further wasting the assets of the estate in fruitless litigation and unnecessary appeals. Hagarty, Scudder, Tompkins and Davis, JJ., concur, Lazansky, P. J., dissents and votes to reverse order and deny motion for accounting on the following ground: One of the beneficiaries moved for the discharge of the trustee and for an accounting as an incident thereof; the trustee moved for leave to resign and to account incidental thereto. These motions have been denied. Therefore, the court had no power summarily to order an accounting.